McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $57,120.00 IN UNITED STATES CURRENCY,<br><br>    Defendant. | 2:06-CV-0202-EJG-KJM<br><br>JOINT STATUS (PRETRIAL SCHEDULING)CONFERENCE REPORT; REQUEST FOR STAY; AND **ORDER THEREON**<br><br>DATE: November 17, 2006<br>TIME: 10:00 a.m.<br>COURTROOM: 8 |

    Plaintiff United States of America and claimant Mary Berg submit the following Joint Status Report and Request for Stay pursuant this Court's August 3, 2006, order:

    **A.   Service**:

    The defendant property has been served and all potential claimants have been served.  In addition, Notice of Arrest and Seizure has been published in the Daily Recorder.  No further service is contemplated.  To date Mary Berg is the only person who has filed a claim to the property, and who has filed an Answer to the Verified Complaint For Forfeiture In Rem.

//

1

  **B.**   **Possible joinder of additional parties:**

None.

  **C.**   **Any expected or desired amendment of pleadings:**

None anticipated at this time.

  **D.**   **Jurisdiction and venue:**

This Court's jurisdiction and venue is based on 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(j).

  **E.**   **Anticipated motions and suggested dates:**

Claimant Mary Berg may file a motion to suppress the defendant property and other evidence seized from her residence, business, and vehicles. However, since the parties jointly request that all discovery be stayed pending the outcome of a related case (see Section **F** below) the parties request that motions not be calendared at this time.

  **F.**   **Anticipated and outstanding discovery:**

The parties have not yet commenced discovery and request that all proceedings in this case, including discovery, continue to be stayed pending the outcome of the prosecution of Louis Wayne Fowler, (<u>United States v. Louis Wayne Fowler</u>, 2:05-CR-308 EJG). That case is on-going and a further status conference is scheduled for November 17, 2006, before this Court.

Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) the parties seek a stay of discovery in this case.

  **Government's request for a stay:**

18 U.S.C. § 981(g)(1) provides as follows:

> Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal

2

        investigation or the prosecution of a related criminal case.

The United States contends that the allowing discovery to proceed in this civil forfeiture case would adversely affect the prosecution of Louis Wayne Fowler.  Claimant intends to depose local and federal law enforcement officers who were involved in the investigation that led to Fowler's indictment and to the seizure of the defendant property.  Allowing these depositions would adversely affect the ability of the U.S. Attorney's Office to properly prosecute their case.  That discovery would allow defendant Fowler (Berg's brother) access to witness statements prior to the time allowed under the criminal rules of discovery (under 18 U.S.C. § 3500 the defendant is not entitled to witness statements until after the witness has testified on direct examination at trial).

**Claimant's request for a stay:**

18 U.S.C. § 981(g)(2) provides as follows:

    Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that–

        (A) the claimant is the subject of a related criminal investigation or case;

        (B) the claimant has standing to assert a claim in the civil forfeiture proceeding;

        (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

In this case, the defendant currency was seized from

claimant Mary Berg's residence during an investigation of Alternative Specialties, a so-called medical marijuana co-op. She thus has standing to assert a claim in this civil forfeiture action. And while claimant Berg has not been indicted in connection with the medical marijuana co-op, the U.S. Attorney's Office has not advised her that she will not be indicted.

Thus, the parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon claimant's ability to prove her claim that the defendant currency belongs to her, and that it came from a legitimate source. For these reasons, the parties jointly request that this matter be stayed again until the conclusion of the criminal case currently pending in federal court against Louis Wayne Fowler.

Once the stay is lifted, the parties intend to conduct the following discovery:

By plaintiff:

Plaintiff intends to conduct discovery focused on whether claimant had any legitimate source of income and on defeating the Affirmative Defenses raised in claimant's Answer. Plaintiff contends the defendant currency is the proceeds of drug trafficking.

By claimant:

Claimant Mary Berg intends to serve written discovery on the plaintiff and depose law enforcement officers involved in the investigation that led to the seizure of the defendant property and the indictment of Louis Wayne Fowler, (<u>United States v. Louis Wayne Fowler</u>, 2:05-CR-308 EJG).

4

**G.    Proposed discovery plan:**

(1)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

The parties stipulate that Rule 26(a)(1) disclosures are not appropriate in a civil forfeiture action and request that they not be required to make Initial Disclosures required by this rule.

In addition, with respect to non-retained expert witnesses only, [1] the parties stipulate that for purposes of Rule 26(a)(2) requiring the production of a written report, the reports created by the various law enforcement officers, fingerprint experts, chemists, etc. during the course of their criminal investigation will satisfy all the Rule 26(a)(2)(B) requirements.

If either party retains or specially employs an individual to provide expert testimony, that party will identify the expert and produce a report that complies with Rule 26(a)(2)(B).

(2)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

See Section F above.

(3)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations should be imposed:

Once the requested stay is lifted, the parties anticipate

---

[1] This includes, for example, a law enforcement officer who forms opinions based on his/her training and experience during the course of his investigation, or a chemist employed by a local, state, or federal law enforcement agency who analyzes controlled substances.

staying within the following limitations, but if additional discovery is needed, will attempt to stipulate to additional discovery, with the approval of the court.  Neither party waives any rights they may have to seek additional discovery or a protective order:

    (a)  Depositions (including experts) by:
        Plaintiffs:   10
        Defendant:   10
    (b)  Interrogatories served by:
        Plaintiffs:   25
        Defendant:   25
    (c)  Requests for Production of Documents served by:
        Plaintiffs:   25
        Defendant:   25
    (d)  Requests for Admissions served by:
        Plaintiffs:   25
        Defendant:   25.

**H.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

As noted below, the parties request a stay of all further proceedings pending the outcome of the Fowler prosecution.

**I.  Estimate of trial time:**

Four days.

//

//

**J.  Appropriateness of special procedures:**

6

1    Not applicable.

2    **K.  Modification of standard pretrial procedures
3         because of the relative simplicity or
          complexity of the action or proceedings:**

4    Not applicable.

5    **L.  Whether the case is related to any other
          case, including any matters in bankruptcy:**

6    This civil forfeiture is related to the Fowler case because
the seizure of the defendant currency was made during the
execution of multiple search warrants issued in the same
investigation. Plaintiff filed a Notice of Related Cases on
July 31, 2006, and the criminal case and the civil forfeiture
action are now assigned to this Court.

**M.  Prospects for settlement:**

The parties are unable to assess the likelihood of
settlement at this time.

**N.  Any other matters that may add to the just
      and expeditious disposition of this matter:**

None.


Dated: November 7, 2006         McGREGOR W. SCOTT
                                United States Attorney


                                /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney


Dated: November 7, 2006         /s/ Michael B. Bigelow
                                MICHAEL B. BIGELOW
                                Attorney for claimant
                                Mary Berg


                                **ORDER**

7

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the related criminal case currently pending in federal court is resolved.

IT IS SO ORDERED.

Dated: November 8, 2006

                                           /s/ Edward J. Garcia
                                           EDWARD J. GARCIA
                                           U.S. District Judge
                                           United States District Court