BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

FILED

JUL 1 3 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>APPROXIMATELY $57,120.00 IN U.S. CURRENCY,<br><br>        Defendant. | 2:06-CV- 00202-EJG-EFB<br><br>STIPULATION FOR FINAL JUDGMENT OF FORFEITURE |

    It is hereby stipulated by and between the United States and claimant Mary Jennifer Berg (hereafter "claimant"), by and through their respective counsel of record, as follows:

    1.    This is a civil forfeiture action against the above-captioned asset (hereafter "defendant currency") seized on or about July 7, 2005.

    2.    A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on January 30, 2006, alleging that said defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

    3.    On or about January 30, 2006, Magistrate Judge Gregory G. Hollows issued a Warrant and Summons for Arrest for the defendant currency, and that warrant was duly executed on February 3, 2006.

4. On February 8, 2006, a Notice of Arrest and Seizure of the defendant currency appeared by publication in *The Daily Recorder*, a newspaper of general circulation in the county in which the defendant currency was seized (Sacramento County). The Proof of Publication was filed with the Court on February 16, 2006.

5. In addition to the Public Notice of Arrest and Seizure, actual notice or attempted notice was given to the following individuals:

    a. Louis Wayne Fowler

    b. Mary Jennifer Berg

6. Claimant filed a Claim of Ownership to the defendant currency on February 22, 2006, and an Answer to Complaint on March 7, 2006. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. Claimant represents and warrants that she is the sole owner of the defendant currency.

8. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Louis Wayne Fowler on February 8, 2012. Pursuant to Local Rule 540, the United States and the claimant request that, as part of the Final Judgment of Forfeiture in this case, the Court enter a default judgment against the interest, if any, of Louis Wayne Fowler without further notice.

9. The United States' allegations are set forth in its Complaint. Claimant denies these allegations. To avoid the uncertainty and expense of further litigation, the parties desire to stipulate to the entry of a Final Judgment of Forfeiture on the following terms:

    a. All right, title and interest of Mary Jennifer Berg in the defendant Approximately $57,120.00 in U.S. Currency, together with any interest that may have accrued, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

    b. Claimant hereby releases the United States and its servants, agents,

1 and employees and all other public entities, their servants, agents and employees, from
2 any and all liability arising out of or in any way connected with the seizure, arrest, or
3 forfeiture of the defendant currency. This is a full and final release applying to all
4 unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest,
5 or forfeiture, as well as to those now known or disclosed. The parties to this agreement
6 agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

    c.    Claimant Mary Jennifer Berg hereby waives any and all claim or right to interest that may have accrued on the defendant currency being forfeited to the United States.

    d.    Nothing in this Stipulation shall be construed as an admission of liability, fault, or wrongdoing by any party.

    e.    Each party shall bear his or her own costs and attorneys fees.

    f.    The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

    g.    Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to the terms of the Stipulation.

    h.    Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

    i.    This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

1  j. Each party represents that he or she understands the content of this
2  Stipulation and enters it voluntarily, and has not been influenced by any person acting
3  on behalf of any other party.

4  k. Notwithstanding the entry of a Final Judgment of Forfeiture herein,
5  the parties hereby stipulate that the U.S. District Court for the Eastern District of
6  California, Hon. Edward J. Garcia, District Judge, shall retain jurisdiction to enforce the
7  terms of this compromise settlement.

DATED: 7-11-12

BENJAMIN B. WAGNER
United States Attorney

By: _____
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

DATED: 6-9-2012

_____
MARY JENNIFER BERG
Claimant

DATED: _____

_____
MICHAEL BRADLEY BIGELOW
Attorney for Claimant
Mary Jennifer Berg

BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:06-CV-00202-EJG-EFB |
|---|---|
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $57,120.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against Approximately $57,120.00 in U.S. Currency ("defendant currency") seized on or about July 7, 2005.

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on January 30, 2006, alleging that said defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

3. On or about January 30, 2006, Magistrate Judge Gregory G. Hollows issued a Warrant and Summons for Arrest for the defendant currency, and that warrant was duly executed on February 3, 2006.

4. On February 8, 2006, a Notice of Arrest and Seizure of the defendant currency appeared by publication in *The Daily Recorder*, a newspaper of general

1

Final Judgment of Forfeiture

1 circulation in the county in which the defendant currency was seized (Sacramento
2 County). The Proof of Publication was filed with the Court on February 16, 2006.
3   5. In addition to the Public Notice of Arrest and Seizure, actual notice or
4 attempted notice was given to the following individuals:
5     a. Louis Wayne Fowler
6     b. Mary Jennifer Berg
7   6. Claimant Mary Jennifer Berg filed a Claim of Ownership to the defendant
8 currency on February 22, 2006, and an Answer to Complaint on March 7, 2006. No other
9 parties have filed claims or answers in this matter, and the time in which any person or
10 entity may file a claim and answer has expired.
11   7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default
12 against Louis Wayne Fowler on February 8, 2012. Pursuant to Local Rule 540, the United
13 States and claimant thus join in a request that as part of this Final Judgment of
14 Forfeiture the Court enter a default judgment against the interest, if any, of Louis Wayne
15 Fowler without further notice.
16   Based on the above findings, and the files and records of the Court, it is hereby
17 ORDERED AND ADJUDGED:
18   1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered
19 into by and between the parties to this action.
20   2. That judgment is hereby entered against claimant Mary Jennifer Berg and
21 all other potential claimants who have not filed claims in this action.
22   3. All right, title, and interest of Mary Jennifer Berg in the defendant
23 Approximately $57,120.00 in U.S. Currency, together with any interest that may have
24 accrued, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be
25 disposed of according to law.
26   4. That the United States and its servants, agents, and employees and all other
27 public entities, their servants, agents, and employees, are released from any and all
28 liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the

2

Final Judgment of Forfeiture

defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

5. All parties are to bear their own costs and attorneys' fees.

6. The U.S. District Court for the Eastern District of California, Hon. Edward J. Garcia, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 13th day of July, 2012.

_____
EDWARD J. GARCIA
United States District Judge